In the Matter of LESLIE STUART MOLLIVER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 16, 1980

**APPEARANCES OF COUNSEL**

*Nicholas C. Cooper* for petitioner.

## OPINION OF THE COURT

*Per Curiam.*

Respondent Molliver was admitted to practice in New York in 1965. He was subsequently admitted to the Bar in Maryland. In August, 1978, Molliver was disbarred on consent in Maryland for engaging in a series of acts of misconduct involving his legal practice and financial affairs related to that practice. In addition to misappropriating some $18,000 in funds, Molliver acknowledged his unauthorized use of clients' signatures, unauthorized sale of their stock, knowingly drawing bad checks, failure to record a deed, and otherwise neglecting legal matters entrusted to him.

In November, 1979, the Departmental Disciplinary Committee for the First Judicial Department commenced proceedings to disbar Molliver here in New York pursuant to 22 NYCRR 603.3. Molliver then availed himself of the right, under that section, to demand a hearing for the purpose of raising certain defenses to the New York disbarment proceeding, to wit: (1) lack of notice or opportunity to be heard in the foreign disbarment proceeding such as to deny due process; (2) infirmity of proof in the foreign disbarment proceeding; (3) nature of the underlying misconduct in the foreign jurisdiction which would be allegedly insufficient for disbarment here. On February 15, 1980 we granted Molliver's request, albeit untimely, for such a hearing because of his protestation that the delay was due to his "good faith attempt to secure counsel". We ordered his suspension in the interim.

The hearing, originally scheduled for March 12, 1980, was rescheduled for March 26 at the request of a colleague of Molliver who resides with him. Molliver was notified by mail of the rescheduling.

The hearing was held on March 26, 1980, but Molliver failed to appear. At the hearing it was adduced that the Maryland proceeding had afforded Molliver due notice, had been based upon sufficient proof, and that the misconduct charged in Maryland would constitute misconduct in New York. We note that the acts committed by Molliver in Maryland, which led to his disbarment there, have never been substantively refuted by him. Indeed, those acts (three counts of neglect, seven counts of conversion, six counts of forgery, two counts of passing bad checks) were conceded, for all intents and purposes, by Molliver's consent to disbarment in Maryland in July, 1978, which is equivalent in its essential

elements to New York's affidavit of resignation (22 NYCRR 603.11). We therefore accept and confirm the findings of fact and conclusions of law of the hearing panel of the disciplinary committee of this judicial department.

On April 21, 1980 Molliver corresponded with the disciplinary committee, urging, *inter alia,* that he had not received adequate notice of the March 26 hearing, that he was full of contrition and had maintained an unblemished record during his "voluntary self-imposed de facto suspension since July 13, 1978", that he still believed himself entitled to a hearing under section 90 of the Judiciary Law, and that any discipline ultimately imposed here should be retroactive to July 13, 1978.

The record of the section 603.3 hearing, which is in fact a hearing contemplated under section 90 of the Judiciary Law, amply supports the conclusion that Molliver received adequate notice thereof. His belated claim to the committee of lack of notice of that hearing is without foundation. We note, consistent therewith, that Molliver has failed to respond to this court to the committee's instant application for acceptance of its findings and conclusions, and renewal of its request for an order of disbarment.

Respondent Molliver is ordered disbarred, and his name stricken from the roll of attorneys admitted to practice in New York State.

KUPFERMAN, J. P., BIRNS, FEIN, MARKEWICH and LUPIANO, JJ., concur.

Respondent disbarred from practice as an attorney and counselor at law in the State of New York, effective November 10, 1980.