In the Matter of BRUCE A. BROWN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 30, 1992

### APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice in New York at the

Second Judicial Department in 1985. Prior to his relocation to Ohio, he maintained an office within the First Judicial Department. In March 1992, respondent pleaded guilty to separate indictments in Ohio, charging the passing of two bad checks in the amounts of $1,800 and $500, and one count of forging a power of attorney.

Issuing bad checks in amounts over $300 is a felony under Ohio law. In New York, issuing a bad check (Penal Law § 190.05) is a larceny (§ 155.05 [2] [c]), and where the object of said larceny exceeds $1,000 in value, the act constitutes grand larceny in the fourth degree, a class E felony (§ 155.30).

Petitioner states that forgery of any writing is a felony under Ohio law. In New York, forgery of a written instrument which evidences or affects a legal right, interest, obligation or status is a class D felony (Penal Law § 170.10). A power of attorney—especially one, as here, intended for use in defrauding a dealer and another individual in connection with the purchase of an automobile—is without question a written instrument affecting such a legal interest.

Respondent was sentenced in Ohio to concurrent terms of one year in jail, to be served concurrently with an earlier sentence on an unrelated bad check conviction. Although served with this disbarment petition at his place of incarceration, he has failed to notice an appearance herein.

Having been convicted of two Ohio felonies which would constitute felonies in New York (Judiciary Law § 90 [4] [e]), respondent is no longer competent to practice law in this State (§ 90 [4] [a]), and his name should accordingly be stricken from the roll of attorneys (§ 90 [4] [b]).

An earlier petition seeking respondent's interim suspension for prior conviction of a "serious crime" (Judiciary Law § 90 [4] [f]) is deemed withdrawn.

MILONAS, J. P., WALLACH, KUPFERMAN, SMITH and RUBIN, JJ., concur.

Petition granted and respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective July 30, 1992; and an earlier petition seeking respondent's interim suspension is deemed withdrawn, as indicated.