[731 NYS2d 154]

In the Matter of ARNOLD PAUL PROSPERI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 16, 2001

## APPEARANCES OF COUNSEL

*James T. Shed* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Arnold Paul Prosperi was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1974. Since 1977, he has lived and, until December 6, 1995, practiced law in the State of Florida.

In November 1997, respondent was convicted, after a jury trial in the United States District Court for the Southern District of Florida, of three counts of making, uttering or possessing counterfeit securities, in violation of 18 USC § 513, and two counts of submitting false tax returns, in violation of 26 USC § 7206 (1), both felonies under the United States Code. Although the District Court vacated the guilty verdicts on the three counterfeit securities counts, on appeal, the Court of Appeals for the Eleventh Circuit reinstated those verdicts, and respondent was resentenced on those counts. Respondent has resigned from the Florida Bar.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), based upon his Federal conviction for making, uttering or possessing counterfeit securities or, in the alternative, an order determining that making, uttering or possessing counterfeit securities is a "serious crime." This is the Committee's second application to this Court for disciplinary sanctions against respondent in connection with his felony convictions. The first application was filed before the District Court vacated the guilty verdicts on the counterfeit securities counts, but as a result of the vacatur this Court only considered the convictions for filing false tax returns. On January 25, 2000, the Court imposed upon respondent a three-year suspension in connection with those counts. Although he was personally served with this second petition, respondent did not submit papers in response.

The facts underlying respondent's convictions for counterfeit securities are set forth in the Eleventh Circuit's opinion (*United States v Prosperi*, 201 F3d 1335 [11th Cir 2000], *reh, en banc, denied* 212 F3d 602, *cert denied* 531 US 956). Briefly, from 1979 to 1995, respondent handled all real estate and securities investments in the United States, acting as attorney and trustee, for Patrick Donovan, an Irish citizen. Donovan reviewed the status of his investments in meetings with respondent during visits to Florida. Having the authority, by

power of attorney, to conduct all the affairs of the Amaretto Corporation, which was beneficially owned by Donovan and his family, on Donovan's behalf, respondent arranged the purchase and subsequent sale of a golf course from Amaretto to the United States Department of Veterans Affairs for $3,050,000. In addition to the $50,000 agreed-upon remuneration for arranging the transaction, respondent allegedly diverted the entire $3,000,000 proceeds for his personal use while advising Donovan that the money was invested in certificates of deposit (CDs). In furtherance of the deception, he created documents purporting to be CDs issued by J. P. Morgan bank and Morgan Guaranty Trust, and supporting paperwork, and presented the documents to Donovan at their meetings as genuine investments. They met three times; hence the three counts of making, uttering or possessing counterfeit securities.

Judiciary Law § 90 (4) provides for the automatic disbarment of an attorney convicted of a felony, which is defined as any criminal offense classified as a felony under New York law or "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (§ 90 [4] [e]; *see Matter of Margiotta*, 60 NY2d 147, 150 [the Federal and New York felonies need not correspond precisely in every detail but must be essentially similar]).

18 USC § 513 ("Securities of the States and private entities") provides, in pertinent part:

"(a) Whoever makes, utters or possesses a counterfeited security of * * * an organization * * * with intent to deceive another person * * * shall be fined under this title or imprisoned for not more than ten years, or both."

Penal Law § 170.25 ("Criminal possession of a forged instrument in the second degree") provides:

"A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10."

Section 170.10 provides that forgery results from the making, completing or altering of a

"written instrument which is or purports to be * * *

> "1. A * * * commercial instrument, * * * or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status."

We conclude that the three CDs that respondent made, uttered or possessed in his deception of Donovan are of a kind specified in Penal Law § 170.10, and that 18 USC § 513 and Penal Law § 170.25 are "essentially similar" (*Margiotta, supra,* 60 NY2d 147) in prohibiting the uttering or possession of a falsely made instrument with the intent to deceive. Respondent is therefore subject to automatic disbarment pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Committee's motion for an order striking respondent's name from the roll of attorneys should be granted and, pursuant to Judiciary Law § 90 (4) (b), respondent's name stricken from the roll of attorneys.

SULLIVAN, P. J., NARDELLI, ELLERIN, LERNER and RUBIN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 6, 1997.