[25 NYS3d 135]

In the Matter of GUY M. JEAN-PIERRE (Now Known as MAR-
CELO DOMINGUEZ DE GUERRA), an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, February 2, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Naomi F. Goldstein* of counsel), for
petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Guy M. Jean-Pierre was admitted to the practice of law in the State of New York by the First Judicial Department on July 17, 1989. Respondent was admitted to the Florida Bar in 2004, where, at all times relevant herein, he maintained an office for the practice of law.[1]

The Departmental Disciplinary Committee (the Committee) seeks to impose reciprocal discipline, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, predicated on an order issued by the Supreme Court of Florida on January 13, 2014 (133 So 3d 528 [Fla Sup Ct 2014]), which disbarred respondent for issuing fraudulent legal opinion letters in connection with securities traded on Over-the-Counter Markets (OTC Markets).[2] In the alternative, the Committee asks that respondent be sanctioned as this Court deems appropriate.

The Florida Bar commenced disciplinary proceedings against respondent by filing a complaint on December 11, 2012, alleging, inter alia, that after being banned by a company now known as OTC Markets Group (formerly Pink Sheets) from issuing opinion letters for failure to conduct due diligence, respondent continued to issue opinion letters by forming a corporation (Complete Legal Solutions, Inc.), listing his niece (an attorney admitted to practice in Florida and Texas) as an officer, and forging his niece's signature on several opinion letters without her knowledge or consent.

In response to the disciplinary charges in Florida, respondent initially appeared before a Referee at a telephonic hearing and denied the charges in an answer. However, respondent thereafter failed to appear at a scheduling conference and a subsequent hearing on an order to show cause as to why he should not be sanctioned for failing to attend the prior confer-

1. Respondent currently resides in the Dominican Republic, and has changed his name to "Marcelo Dominquez de Guerra."

2. OTC Markets is an electronic interdealer quotation system where securities of publicly traded companies are offered and sold by individual investors, issuers, and broker dealers. Investors find information about public companies quoted on OTC Markets via the OTC Markets website, on which legal opinion letters are listed. A legal opinion letter states whether a company listed on OTC Markets has complied with all disclosure requirements of the Securities and Exchange Commission (SEC) and OTC Markets.

ence. The Referee ultimately found respondent in default after his failure to appear, found him guilty of the misconduct alleged in the charges,[3] and recommended that he be disbarred from the practice of law with leave to reapply for admission in five years. By order of January 13, 2014, the Supreme Court of Florida adopted in full the Referee's report and disbarred respondent.

The Committee states that respondent failed to notify it of his disbarment in Florida, as he was obligated to do under 22 NYCRR 603.3 (d), and that it learned of the Florida discipline after the SEC commenced an action against respondent in the U.S. District Court for the Southern District of New York, an action in which respondent defaulted and was ordered, inter alia, to pay a civil penalty of $1,425,000 and barred for life "against participating in any form in an offering of penny stocks" (*Securities & Exch. Commn. v Jean-Pierre*, 2015 WL 1054905, *2, 2015 US Dist LEXIS 29168, *5 [SD NY, Mar. 9, 2015, No. 12 Civ. 8886(LGS)]). The Committee served respondent, pro se, with its petition at his registered address in Florida and at his address in the Dominican Republic, but he has not submitted a response.

We find that reciprocal discipline is warranted in this case and, therefore, respondent should be disbarred. There are only three defenses to reciprocal discipline, enumerated at 22 NYCRR 603.3 (c): (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. Notwithstanding respondent's failure to submit a response in the instant proceedings or raise any of these defenses, none are available here.

Respondent received notice of the charges against him in Florida, filed an answer to the Florida Bar complaint, and participated in the first telephonic conference before default-

---

**3.** Respondent was found guilty of violating Florida's Rules of Professional Conduct, specifically rule 4-1.2 (d) ("counsel[ing] a client to engage, or assist a client, in conduct that the lawyer knows or reasonably should know is criminal or fraudulent"); rule 4-4.1 (a) and (b) (knowingly making a false statement of material fact or law to a third person, or knowingly failing to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client); rule 4-7.9 (a) (using a firm name, letterhead, or other professional designation that is false, misleading, or deceptive); and rule 4-8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

ing. In addition, the Referee's order to show cause explicitly advised respondent that his failure to appear at the hearing could result in his being held in default and found guilty of misconduct. Furthermore, the misconduct findings of the Referee and the Florida Supreme Court are amply supported by the record, and respondent's misconduct in Florida, if committed in New York, would have violated the Rules of Professional Conduct (22 NYCRR 1200.0), namely rules 1.2 (d), 4.1, 7.5 and 8.4 (c).

Thus, the only remaining issue is the appropriate sanction to be imposed. As a general principle in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters,* 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo,* 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe,* 78 AD3d 152, 158 [1st Dept 2010]).

In this instance, disbarment is in accord with this Court's precedent involving similar misconduct (*see e.g. Matter of Colodne,* 120 AD3d 120 [1st Dept 2014]; *Matter of Maruggi,* 112 AD3d 180 [1st Dept 2013]; *Matter of Molliver,* 77 AD2d 36 [1st Dept 1980]). Moreover, although the Florida Supreme Court's order permits respondent to apply for reinstatement after five years, he was nevertheless disbarred. In any event, insofar as disbarment in New York differs from that sanction in Florida—because a lawyer who is disbarred in New York may reapply after seven years—we have stated that "when the sanction in the home state deviates substantially from this Court's precedent, we have departed from the general policy of deference and imposed a more severe penalty where warranted" (*Matter of Munroe,* 89 AD3d 1, 7 [1st Dept 2011]; *see also Matter of Miller,* 110 AD3d 107, 109-110 [2d Dept 2013]). We find that disbarment is the appropriate sanction in this case.

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., SWEENY, ACOSTA, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.