[28 NYS3d 60]

In the Matter of CHRIS C. OLEWUENYI (Admitted as CHRIS CHUKOLEMS OLEWUENYI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 24, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Chris C. Olewuenyi*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Chris C. Olewuenyi, was admitted to the practice of law in the State of New York by the First Judicial Department on September 27, 1999, under the name Chris Chukolems Olewuenyi. At all times relevant herein, respondent maintained a registered address within the First Department.

On August 9, 2005, respondent pleaded guilty in the United States District Court for the District of New Jersey to conspiracy to defraud a financial institution in violation of 18 USC § 371, a federal felony. Respondent's conviction stemmed from his involvement in 2003 in a mortgage fraud scheme as part of which he prepared and submitted documents to a mortgage lender, a bank insured by the FDIC, which contained materially false statements upon which the bank relied in closing a mortgage loan transaction.

On May 4, 2007, respondent was sentenced to 33 months' incarceration, three years of supervised release, and ordered to pay $131,489 in restitution to the bank.

By order filed September 30, 2005, the Supreme Court of New Jersey temporarily suspended respondent, based on his August 2005 federal conviction, pending the conclusion of disciplinary proceedings against him (185 NJ 165, 883 A2d 345 [2005]).

On April 12, 2007, respondent pleaded guilty in New Jersey Superior Court, Essex County, to second degree conspiracy to commit identity theft, in violation of New Jersey Statutes An-

notated §§ 2C:5-2 and 2C:21-17, a felony, involving a real estate transaction different than the one underlying his federal conviction. Respondent's conviction stemmed from his participation in a real estate transaction involving a straw buyer, which respondent knew to be illegal. On or about June 4, 2007, respondent was sentenced to three years' imprisonment to run concurrent with his federal sentence, which was imposed on May 4, 2007.

Nearly seven years following this state conviction, by order filed February 7, 2014, the Supreme Court of New Jersey suspended respondent for two years retroactive to the date of his temporary suspension (Sept. 30, 2005) for violating New Jersey Rules of Professional Conduct rule 8.4 (b) (commission of a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer) (216 NJ 576, 83 A3d 402 [2014]).

Respondent did not report his convictions and discipline in New Jersey to the Departmental Disciplinary Committee (Committee) until March 2015. By notice of petition dated May 18, 2015, the Committee first moved to strike respondent's name from the roll of attorneys on the ground that he was automatically disbarred because his federal conviction would constitute the New York felonies of conspiracy in the fourth degree and grand larceny in the second degree. By unpublished order entered September 28, 2015, this Court denied the Committee's petition without prejudice to further proceedings.

Now, by notice of petition dated November 19, 2015, the Committee again seeks an order striking respondent's name from the roll of attorneys.*

The Committee contends that "automatic" disbarment is warranted here because respondent's federal conviction for conspiracy to defraud the United States would constitute three New York felonies if committed within this State, namely, scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]); forgery in the second degree (Penal Law § 170.10 [1]); and conspiracy to commit identity theft in the second degree (Penal Law §§ 105.05, 190.79 [1]).

---

\* In the alternative, the Committee requests that this Court issue an order determining that the federal crime of which respondent was convicted is a "serious crime" (Judiciary Law § 90 [4] [d]; Rules of App Div, 1st Dept [22 NYCRR] § 603.12 [b]); immediately suspending him from the practice of law (Judiciary Law § 90 [4] [f]); and directing respondent to show cause before a referee or hearing panel why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]).

Respondent opposes the Committee's petition and requests that it be denied on the grounds of collateral estoppel or res judicata, or, in the alternative, that this Court either disbar him, effective nunc pro tunc to August 9, 2005, the date of his federal conviction, or impose a two-year reciprocal suspension, effective nunc pro tunc to September 30, 2005, based on his two-year suspension in New Jersey. Respondent also apologizes and offers excuses for his criminal conduct, and requests this Court show him leniency.

A conviction of a federal felony does not trigger automatic disbarment, no matter how serious the felony is, unless the federal felony at issue would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]).

For a determination that a federal felony has a New York analogy, the federal felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). If this initial analysis is inconclusive, "essential similarity" can be established by admissions made under oath during a plea allocution, read in conjunction with the indictment or information (*see Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Lin*, 110 AD3d 186, 187 [1st Dept 2013]; *Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]).

The Committee concedes that there is no direct felony analogue for conspiracy to defraud the United States. However, respondent's admissions, made during his plea allocution, that he prepared and oversaw the execution of a deed by a person he knew to be misrepresenting herself as the owner of the property being sold, and then forwarded the fraudulently executed deed to the bank to potentially influence its decision to make a mortgage loan, read in conjunction with the superceding information to which he pleaded guilty, correspond to Penal Law § 170.10 (1) and, therefore, his conviction is a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (b) and (e).

While there is no case directly on point, plea admissions similar to those made by respondent have been found to establish "essential similarity" between convictions under 18 USC § 371 and other New York felonies, and there is no reason not to do so here (*see e.g. Matter of David*, 102 AD3d 23 [1st Dept 2012] [conviction for conspiracy to commit immigration fraud found "essentially similar" to New York felony of offering a false instrument for filing in the first degree (Penal Law

§ 175.35) based on the respondent's plea admissions that he conspired to file more than 100 false immigration documents with the U.S. Department of Labor and U.S. Citizenship and Immigration Services]; *Matter of Sorin*, 47 AD3d at 3-4 [conviction for conspiracy to commit securities fraud found "essentially similar" to convictions under Penal Law §§ 190.65 (1) (b) and 175.35 based on the respondent's plea admissions that he, inter alia, approved proxy statements and SEC filings that contained false information]; *Matter of Harnisch*, 7 AD3d 58 [1st Dept 2004] [conviction for conspiracy to commit mail fraud found "essentially similar" to conviction under Penal Law § 190.65 (1) (b) based on the respondent's plea admissions that he, inter alia, submitted false and fraudulent documents to the New York State Department of Labor]; *Matter of Kim*, 209 AD2d 127 [1st Dept 1995] [conviction for conspiracy to commit bank fraud found "essentially similar" to convictions under New York Penal Law §§ 105.10 (1) and 190.65 based on plea admissions that the respondent, inter alia, personally borrowed $200,000 from a bank under false pretenses by using a false nominee on a loan application]).

The Committee also argues that this Court should *not* make respondent's disbarment effective nunc pro tunc to the date of his federal conviction (Aug. 9, 2005), because he failed to timely notify the Committee of his two convictions, as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f), or his discipline in New Jersey, as required by 22 NYCRR 603.3 (d).

Respondent had an obligation to report to the Committee his 2005 federal conviction, his 2007 state conviction, and his New Jersey discipline, and thus, as we decided in *Matter of Zichettello* (12 AD3d 128 [1st Dept 2004]), his disbarment should be made effective as of the date of the Committee's first petition to strike, namely, May 18, 2015.

Accordingly, the Committee's petition should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective May 18, 2015.

TOM, J.P., ANDRIAS, FEINMAN, GISCHE and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 18, 2015.