[33 NYS3d 735]

In the Matter of JEFFREY STARK, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 30, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Jeffrey Stark,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey Stark was admitted to the practice of law in the State of New York by the Second Judicial Department on April 24, 1991. Respondent's last registered address was within the First Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys, upon the ground that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e), namely, forging a judge's signature (18 USC § 505), and should be therefore automatically disbarred. Alternatively, the Committee seeks an order determining that respondent's conviction is a "serious crime" and related relief (Judiciary Law § 90 [4] [d], [f], [g]; Rules of App Div, 1st Dept [22 NYCRR] § 603.12 [b]).

Respondent, pro se, has not submitted a response after being served by the Committee at his residence.

A conviction of any criminal offense classified as a felony under the laws of New York results in automatic disbarment

by operation of law. While a conviction of a federal felony does not trigger automatic disbarment, if the federal felony has a New York analogy that is "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]), then the federal felony would constitute a felony under New York Penal Law and triggers automatic disbarment (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]).

On March 19, 2015, respondent pleaded guilty in the United States District Court for the Eastern District of New York, to forging the signature of a judge in violation of 18 USC §§ 505 and 3551, a federal felony. Specifically, respondent forged the signature of a bankruptcy judge on a purported discharge order which he presented to his clients, to mislead them into believing that respondent completed their chapter 7 bankruptcy case.

While this Court has not addressed the issue of whether a conviction under 18 USC § 505 is "essentially similar" to a conviction under Penal Law § 170.10 (2) and (3), automatic disbarment is warranted here. If respondent had been convicted in New York, his federal conviction for forging a judge's signature, read in conjunction with the indictment to which he pleaded guilty, would constitute the New York felony of forgery in the second degree (Penal Law § 170.10 [2], [3]). "Essential similarity" has been found between similar forgery related felonies and Penal Law § 170.10 (*see e.g. Matter of Olewuenyi*, 139 AD3d 25 [1st Dept 2016]; *Matter of Brown*, 181 AD2d 314 [1st Dept 1992]; *see also Matter of Prosperi*, 286 AD2d 99 [1st Dept 2001]).

Accordingly, the Committee's petition is granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York, pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to March 19, 2015.

TOM, J.P., SAXE, RICHTER, GISCHE and WEBBER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 19, 2015.