Matter of Rogan (2022 NY Slip Op 04281)

Matter of Rogan

2022 NY Slip Op 04281

Decided on July 05, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 05, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Cynthia S. Kern
Jeffrey K. Oing
Martin Shulman
John R. Higgitt, JJ.

Motion No. 2022-01932 Case No. 2022-01937 

[*1]In the Matter of Elizabeth Vila Rogan, (Admitted as Elizabeth Jean Vila), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Elizabeth Vila Rogan, (OCA Atty. Reg. No. 2063287), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Elisabeth Jean Vila, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 5, 1986.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Elizabeth Vila Rogan was admitted to the practice of law in the State of New York by the First Judicial Department on May 5, 1986, under the name Elizabeth Jean Vila. Although respondent does not currently have an office in New York, this Court maintains jurisdiction over this matter by virtue of her admission in the First Judicial Department (Rules for Attorney Disciplinary Matters [22 NYCRR] §1240.7[a][2]]).
The Attorney Grievance Committee seeks an order, pursuant to the doctrine of reciprocal discipline as set forth in Judiciary Law § 90(2) and 22 NYCRR 1240.13, disbarring respondent from the practice of law, predicated upon similar discipline imposed by the Supreme Court of Georgia, or in the alternative sanctioning respondent as this Court deems appropriate. Respondent, who appears pro se, does not object to the imposition of the reciprocal discipline requested by the Committee.
On February 19, 2020, respondent, pro se, filed a petition for voluntary discipline with the Supreme Court of the State of Georgia, requesting a suspension from the practice of law for twelve months. According to her petition, in 2018 respondent represented a client in successfully vacating a felony conviction. The following year, however, the client contacted her because he had been denied a concealed carry permit in Florida, based on the agency's belief that his firearm rights had been suspended in Georgia. She returned to the court on several occasions to obtain a clarifying order, which the judge agreed to sign once he modified some of the language contained therein. On May 22, 2019, respondent went to the court again to obtain the judge's signature on the order, evidently believing he was presiding that day. When she learned the judge was not, she signed his initials to the order, with full awareness that she did not have permission to do so. She then presented the order to the clerk of the court.
On June 11, 2019, respondent was indicted in Superior Court, Fulton County, Georgia, on one count of forgery in the first degree, a felony.[FN1] On January 6, 2020, respondent entered a negotiated plea of nolo contendere to the misdemeanor crime of obstruction of officers [FN2], pursuant to the First Offender Act,[FN3] and she was sentenced to one year probation, with a special condition not to practice law for twelve months while on probation. Respondent admitted that her conduct and plea constituted a violation of the Georgia Rules of Professional Conduct (GRPC) rules 4.1(a) and 8.4(a)(3), (4), and (8). She asserted, however, that her conduct, while serious and violative of duties owed to the public pursuant to ABA standards 5.0 and 6.0, did not warrant disbarment, especially given her 34-year legal career and representation of indigent defendants. She contended that her act was abhorrent, uncharacteristic, and inexplicable in her otherwise exemplary career[*2], she promptly accepted responsibility for her conduct and cooperated with the State Bar,[FN4] she enjoys an outstanding reputation in the legal community and expressed sincere remorse and contrition.
The State Bar disagreed. In fleshing out respondent's underlying actions, it noted in its response to her petition that the clerk realized that the signature was not that of the judge. Further, respondent told the clerk that the judge had signed it that morning. Observing that it did not look like the judge's signature, the clerk's supervisor advised respondent that she was going to call the judge, ultimately sending him a text copy of the document. The judge confirmed that he had not signed the order and wanted to speak with respondent, but respondent had left, later asserting that she had had an emergency. The forgery was reported to the police, who collected the falsified order, text messages, and video footage. In his statement, the judge told the police that he was not comfortable signing the draft order without rewording, despite respondent's later claim that it was a "misunderstanding."
The State Bar asserted that respondent's admissions were sufficient to establish the elements of forgery, despite her plea to misdemeanor obstruction (which was not an included offense). Accordingly, her misconduct was both serious criminal conduct or misrepresentation, and intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously adversely reflected on her fitness to practice. Notwithstanding her plea bargain, the State Bar argued that her presumptive sanction should be disbarment. It further pointed out that, had the judge's staff accepted the order for filing, it could have put her client in jeopardy of arrest and incarceration. Moreover, respondent's actions caused actual harm in waste of resources. The State Bar outlined the aggravating and mitigating factors. Finally, it noted that first degree forgery by an attorney (which she was charged with but not convicted of), in particular, of a judge's signature on an order, justified disbarment, and the court routinely accepted petitions for voluntary surrender in felony convictions involving dishonesty.
On June 3, 2020, respondent requested that her petition for voluntary discipline be converted to voluntary surrender of her license to practice law. In reply, the State Bar noted that both petitions could be considered together as a complete petition for voluntary surrender of her law license. The maximum penalty for a single violation of GRPC rules 4.1(a), 8.4(a)(3), 8.4(a)(4) and 8.4(a)(8) was disbarment. It asked the court to grant her petition as amended which, it noted, was tantamount to disbarment (GRPC rule 1.0[r]).
In an order dated August 10, 2020, the Supreme Court of Georgia agreed to accept respondent's petition for voluntary surrender of her license, as the proposed discipline was commensurate with her misconduct. This order forms the basis of the [*3]Committee's reciprocal discipline petition.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice of an opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. Respondent has not raised any of the aforementioned defenses.
The motion should be granted because none of the enumerated defenses to reciprocal discipline apply herein. A review of the record establishes that respondent was afforded due process and that sufficient evidence established her admitted misconduct. Further, the conduct for which she was disciplined in Georgia constitutes violations of parallel provisions of New York's Rules of Professional Conduct (22 NYCRR 1200.0), namely, rule 4.1 (knowingly making a false statement of fact or law to a third person in the course of representing a client, parallel to GRPC 4.1[a]); rule 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation, parallel to GRPC 8.4[a][4]); and rule 8.4(b) (engaging in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness, or fitness, similar to GRCP 8.4[a][8]).
Turning now to the appropriate sanction to be imposed, as a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Milara, 194 AD3d 108 [1st Dept 2021]; Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]). Disbarment is the appropriate sanction here as it is commensurate with the discipline imposed by Georgia and in accord with this Court's precedent involving similar misconduct (see Matter of Toback, 199 AD3d 99 [1st Dept 2021]; Matter of Stark, 142 AD3d 1 [1st Dept 2016]; Matter of Jean-Pierre, 136 AD3d 88 [1st Dept 2016]).
Accordingly, the Committee's motion for reciprocal discipline should be granted and respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law in the State of New York.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Georgia, is granted, and respondent Elizabeth Vila Rogan, admitted as Elizabeth Jean Vila, is disbarred and her name stricken from the roll of attorneys in the State of New York, effective immediately, and until further order of this Court, and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, respondent Elizabeth Vila Rogan, admitted as Elizabeth Jean Vila, is commanded to desist and refrain from (1) practicing of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any [*4]court, judge, justice, board or commission or other public authority, (3) giving another an opinion as to the law or its application or advice in relation thereto, and (4) holding himself out in any way as an attorney or counselor-at-law;
IT IS FURTHER ORDERED that respondent Elizabeth Vila Rogan, admitted as Elizabeth Jean Vila, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and
IT IS FURTHER ORDERED that if respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 5, 2022

Footnotes

Footnote 1: Under OCGA § 16-9-1(b), "[a] person commits the offense of forgery in the first degree when with the intent to defraud he or she knowingly makes, alters, or possesses any writing . . . in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing."

Footnote 2: The elements of this offense are the knowing and willful hindrance of any law enforcement officer lawfully discharging his or her duties (OCGA § 16—10—24(a)).

Footnote 3: Under OCGA § 42-8-60, the First Offender Act is a sentencing option which allows a person with no prior felony convictions to dispose of their criminal case without a conviction.

Footnote 4: The State Bar of Georgia is the governing body of the legal profession in the State of Georgia, operating under the supervision of the Supreme Court of Georgia.