Matter of Donziger (2020 NY Slip Op 04523)





Matter of Donziger


2020 NY Slip Op 04523


Decided on August 13, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,Justices.


&em;

[*1]In the Matter of Steven R. Donziger, (admitted as Steven Robert Donziger), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven R. Donziger, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Steven Robert Donziger, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 29, 1997.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Richard H. Friedman, Esq., for respondent.
Motions Nos. 1271, 1660 — June 22, 2020
IN THE MATTER OF STEVEN R. DONZIGER, A SUSPENDED ATTORNEY



PER CURIAM


Respondent Steven R. Donziger was admitted to the practice of law in the State of New York by the First Judicial Department on November 29, 1997, under the name Steven Robert Donziger. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.
On July 10, 2018, pursuant to the doctrine of collateral
estoppel, this Court found respondent guilty of professional
misconduct, immediately suspended him from the practice of law,
and referred the matter for a sanction hearing based upon his
actions in Chevron Corp v Donziger (974 F Supp 2d 362 [SD NY
2014], affd 833 F3d 74 [2d Cir 2016], cert denied __ US __, 137
S Ct 2268 [2017]), in which he, inter alia, was found to have
engaged in corruption of a court expert and ghostwriting the
expert's report, obstruction of justice, witness tampering,
judicial coercion and bribery in connection with an $8.6 billion judgment obtained in Ecuador against Chevron (Matter of Donziger,
163 AD3d 123 [1st Dept 2018]).
By order entered August 9, 2018, this matter was
referred to a referee for a sanction hearing. Thereafter, by order entered August 16, 2018, this Court granted respondent's request for a post-suspension hearing pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(c) and directed the referee to hear and report on this issue as well as the sanction hearing related to the collateral estoppel proceeding.
By order entered November 29, 2018, this Court granted respondent's request for an unsealing order pursuant to
Judiciary Law § 90(10) and opened the sanction/post-suspension
hearings to the public pursuant to 22 NYCRR 1240.18(d).
Notwithstanding this Court's prior order directing that
collateral estoppel attached to Judge Lewis A. Kaplan's findings against respondent, the Referee issued a November 8, 2018 ruling that respondent could challenge those findings at the sanction/post-suspension hearings. The Attorney Grievance Committee (AGC) filed a motion challenging the Referee's ruling. By order entered January 17, 2019, this Court directed "that the Referee may not reexamine this Court's determination, based on the doctrine of collateral estoppel, that respondent committed professional misconduct ... and that the post-suspension hearing is limited to whether the professional misconduct respondent committed warranted his interim suspension pursuant to 22 NYCRR 1240.9(a)."
Witness testimony before the Referee commenced in September
2019. Respondent testified on his own behalf, called 15
character witnesses, and introduced documentary evidence. The AGC did not call any witnesses but introduced documentary evidence.
In post-hearing memoranda, the AGC argued that respondent
should be disbarred; respondent continued to dispute this Court's
prior misconduct findings, but argued that if there was any misconduct on his part, it was limited to suggesting that inaccurate language be included in an expert witness's declaration "which Judge Kaplan found he knew was false" for which sanction should be limited to a private reprimand.
By report dated February 24, 2020, the Referee recommended
that the Court end respondent's interim suspension and reinstate
him to the practice of law but that he be subject to an
accounting by the AGC for the manner in which he has handled client funds and other monies.
By motion dated February 27, 2020, respondent requests that
the Referee's report and recommendation be affirmed in full and
that he be immediately reinstated to the practice of law.
By notice of cross motion dated May 11, 2020, the AGC opposes respondent's motion and requests that this Court disaffirm the Referee's report and disbar respondent.
The Referee's recommendation that respondent's interim suspension be lifted and he be reinstated to the practice of law should be disaffirmed and respondent should be disbarred retroactive to July 10, 2018, the date of his suspension. Respondent has been found guilty of egregious professional misconduct, namely, corruption of a court expert and ghostwriting his report, obstruction of justice, witness tampering, and judicial coercion and bribery which he steadfastly refuses to acknowledge and shows no remorse for. In recommending an end to respondent's interim suspension and his reinstatement, the Referee was too dismissive of the severity of the misconduct at issue (and he arguably exceeded his authority in permitting respondent to continually offer protestations of innocence notwithstanding this Court's prior orders).
Not only did the Referee understate the magnitude of respondent's egregious misdeeds, he also failed to recognize
(nor even discuss) the relevant precedent in which the sanction
of disbarment has been imposed for comparable misconduct (see
e.g. Matter of Zappin, 160 AD3d 1 [1st Dept 2018], appeal
dismissed, 32 NY3d 946 [2018], lv denied 32 NY3d 915 [2019]; Matter of Fagan, 58 AD3d 260 [1st Dept 2008], lv dismissed 12 AD3d 813 [2009]).
The AGC's evidence in aggravation, particularly Judge Kaplan's civil contempt findings (which the Referee failed to address in his report [see Matter of Savitt, 170 AD3d 24, 28 [1st Dept 2019], appeal dismissed 33 NY3d 1118 [2019] [Court opined that referee erroneously failed to recognize civil contempt finding and failure to purge as aggravation]), only add to the case for disbarment.
Accordingly, respondent's motion to confirm the Referee's report and recommendation should be denied. The Committee's cross motion to disaffirm the Referee's report and recommendation should be granted, and respondent disbarred from the practice of law retroactive to the date of his July 10, 2018 suspension, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.
All concur.
Order filed. [August 13, 2020]
Respondent's motion to confirm the Referee's report and recommendation is denied. The Committee's cross motion to disaffirm the Referee's report and recommendation is granted, and respondent is disbarred, retroactive to the date of his July 10, 2018 suspension, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York.