Zappin v. Supple

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> *Circuit Judges.*

---

Anthony Jacob Zappin,

*Plaintiff-Appellant*,

v.                                                              21-2873

J. Richard Supple, Jr.,
Hinshaw & Culbertson LLP,

*Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:        Anthony Zappin, pro se, Pawleys Island, SC.

FOR DEFENDANTS-APPELLEES:        Schuyler B. Kraus, Hinshaw & Culbertson
                                 LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Zappin, a disbarred attorney proceeding pro se, appeals the district court's judgment dismissing his amended complaint for failure to state a claim, denying leave to file a second amended complaint, and denying reconsideration.[1] Zappin brought numerous claims, including for legal malpractice, against defendants-appellees J. Richard Supple, Jr. and Hinshaw & Culbertson LLP, who represented him for part of his disbarment proceedings.[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo a grant of a motion to dismiss and a denial of leave to amend for failure of the proposed amendment to state a claim. *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019) (motion to dismiss); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185–86 (2d Cir.

---

[1] Defendants-appellees argue that the appeal is timely only as to the denials of leave to file a second amended complaint and the motion for reconsideration, and untimely as to the dismissal of the amended complaint, because the order dismissing the amended complaint was entered in July 2021 and Zappin did not file his appeal until November 2021. They are mistaken. Because a separate judgment was never issued, Zappin's time to appeal did not begin to run until 150 days after the district court's October 7, 2021 order directing the clerk of court to close the case, i.e., on Monday, March 7, 2022 (because March 6 was a Sunday). *See* Fed. R. App. P. 4(a)(7)(A)(ii). Because Zappin's appeal was filed before judgment was deemed entered, the appeal "is treated as filed on the date of and after the entry" of judgment, Fed. R. App. P. 4(a)(2), and was thus timely as to all three orders. *See SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000) ("[A] notice of appeal from a final judgment brings up for review all reviewable rulings which produced the judgment." (internal quotation marks omitted)).

[2] Zappin has abandoned his breach of contract and fraud claims by not contesting their dismissal in his appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

2012) (leave to amend). We review a denial of reconsideration for abuse of discretion. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999).

Zappin's primary argument—that defendants-appellees should have argued in a motion to renew or at the sanctions hearing that Zappin was actually innocent of attorney misconduct and that, if they had, he would not have been disbarred—fails. Raising actual innocence at the sanctions hearing could not have changed the result because the purpose of that hearing was "solely to consider evidence in mitigation or aggravation," not to relitigate whether Zappin had committed attorney misconduct. *In re Zappin*, 160 A.D.3d 1, 3 (1st Dep't 2018); *see In re Donziger*, 186 A.D.3d 27, 30 (1st Dep't 2020) (observing that a sanctions hearing referee "arguably exceeded his authority in permitting respondent to continually offer protestations of innocence notwithstanding this [c]ourt's prior orders").

Further, Zappin did not plausibly allege (in either the amended or proposed second amended complaints) that, if the defendants-appellees had argued actual innocence in a motion to renew, he would not have been disbarred. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). His conclusory allegation that he would not have been disbarred if defendants-appellees had asserted his actual innocence as to four types of misconduct in his divorce proceedings was not sufficient. Even if he were innocent of that misconduct, his disbarment was also based on a host of independent additional misconduct. *See Zappin*, 160 A.D.3d at 8.

Zappin's argument that the district court usurped the jury's role in its causation analysis is similarly unavailing. *See Knox v. Aronson, Mayefsky & Sloan, LLP*, 168 A.D.3d 70, 75 (1st Dep't 2018) (holding that lower court should have granted motion to dismiss legal malpractice claim because plaintiff could not "show that but for [defendant's] negligence she would not have

sustained the loss"); *180 Ludlow Dev. LLC v. Olshan Frome Wolosky LLP*, 165 A.D.3d 594, 595 (1st Dep't 2018) ("While proximate cause is generally a question for the factfinder . . . it can, in appropriate circumstances, be determined as a matter of law.").  Because Zappin did not plausibly allege proximate causation, the district court did not usurp the jury's role in dismissing the legal malpractice claim.

We have considered Zappin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court