[15 NYS3d 326]

In the Matter of JOHN E. FASCIANA (Admitted as JOHN EDWARD FASCIANA), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 18, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.
*Howard Benjamin*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John E. Fasciana was admitted to the practice of law in the State of New York by the Second Judicial Department on October 23, 1974, under the name John Edward Fasciana. At the time of his interim suspension, respondent maintained an office for the practice of law within the First Judicial Department.

On July 7, 2005, respondent was found guilty, after a jury trial, in the United States District Court for the Southern District of New York, of conspiracy to commit wire fraud and mail fraud in violation of 18 USC §§ 371, 1341 and 1343, mail fraud in violation of 18 USC § 1341 (eight counts), and wire fraud in violation of 18 USC § 1343 (three counts), all felonies under the United States Code. Respondent's conviction stemmed from his involvement with others in a scheme to defraud Electronic Data Systems, Inc. pursuant to a stock purchase. On November 20, 2006, respondent was sentenced to 48 months of incarceration; three years of supervised release after his release from prison, which included confinement in a half-way house; directed to pay $12,799,795 in restitution; and a $1,200 assessment was imposed. By decision dated August 21, 2008, the United States Court of Appeals for the Second Circuit affirmed respondent's conviction and sentence (*United States v Amato*, 540 F3d 153 [2d Cir 2008], *cert denied Fasciana v United States*, 556 US 1138 [2009]).

By order entered October 19, 2006, this Court deemed respondent's convictions a "serious crime" pursuant to Judiciary Law § 90 (4) (d), and immediately suspended him from the practice of law pursuant to Judiciary Law § 90 (4) (f). The court also referred the matter to a Referee to hold a sanction hearing within 90 days of respondent's sentencing, or release from prison, if applicable, and issue a report and recommendation why a final order of censure, suspension or disbarment should

not be made. On November 19, 2013, a sanction hearing was held before a Referee. Respondent testified on his own behalf and called a character witness. Although he acknowledged that the issue of his guilt was not before the Referee, he professed his innocence of the crimes he had been convicted of, specifically stating that he disagreed with the jury's verdict. Respondent also recounted his educational and professional history, including his leave of absence from law school in the late 1960s to serve in Vietnam, where he was wounded and received several decorations, including the Bronze Star. He was honorably discharged in 1970, and received his J.D. in 1972, an LLM in Taxation in 1979 and a Certified Public Accountant license in 1980.

Respondent testified that he is the father of two adult children, one of whom has a rare neurological disorder that severely affects his mobility and daily functioning, and which respondent believes is related to his own exposure to Agent Orange when he was in Vietnam. Respondent's son resides with his parents and is dependent upon them for care and support. Respondent further testified that he has established, and raised millions of dollars for, a fund to support medical research to discover a cure for his son's illness. Respondent also attributes his own health problems to Agent Orange exposure. Respondent also testified that during his incarceration his daughter suffered severe injuries in an automobile accident which required extensive surgery and rehabilitation.

The Committee argued that respondent should be disbarred nunc pro tunc to October 19, 2006 (the date of his interim suspension) because he was unrepentant and refused to acknowledge his guilt. Respondent urged a retroactive five-year suspension based on his war record, lack of a disciplinary history, his children's and his own health problems, and his work on behalf of medical research on his son's disorder.

The Referee issued a report recommending a five-year suspension retroactive to the date of respondent's interim suspension. A Hearing Panel convened to review the Referee's report. The Committee argued that the Referee's report should be disaffirmed insofar as it recommended a retroactive five-year suspension and that respondent should be disbarred retroactive to October 19, 2006 (the date of his interim suspension); respondent again urged a retroactive five-year suspension.

The Panel disaffirmed the Referee's recommended sanction of a retroactive five-year suspension and recommended that re-

spondent be disbarred. The Panel noted that notwithstanding the mitigating circumstances, respondent's conduct was not a single, uncharacteristic lapse in judgment, but rather a deliberate and sustained participation in a conspiracy that lasted three years. It further pointed to the facts that respondent did not claim that family tragedy or financial pressure prompted him to misbehave, and, moreover, that he failed to acknowledge the basis for his conviction or express even a modicum of remorse.

Respondent now moves for an order confirming the Referee's report in its entirety, including its recommendation of a retroactive five-year suspension, and disaffirming the Hearing Panel's report; or, in the alternative, if this Court confirms the Hearing Panel's report, making the disbarment retroactive to October 19, 2006 and until further order of the Court. The Committee cross-moves for an order confirming the findings of fact and conclusions of law set forth in the Hearing Panel report, and disbarring respondent retroactive to October 19, 2006.

Since this is a "serious crime" proceeding, the only issue for this Court to decide is the appropriate sanction to impose based upon the offense committed and any mitigating or aggravating circumstances. The circumstances surrounding respondent's mail and wire fraud convictions warrant disbarment (*see e.g.* *Matter of Balis*, 70 AD3d 76 [1st Dept 2009] [disbarment nunc pro tunc to date of interim suspension for conviction of, inter alia, wire fraud; aggravation included complete failure to take responsibility for misconduct]; *Matter of Myerson*, 250 AD2d 41 [1st Dept 1998] [disbarment effective as of interim suspension based on conviction for, inter alia, mail fraud arising from millions of dollars in falsified legal billings; aggravation included lack of remorse]). The magnitude of respondent's criminal conduct is underscored by, inter alia, the fact that he was ordered to jointly pay over $12 million in restitution to his corporate victim. Furthermore, there is significant aggravation in that respondent steadfastly refuses to acknowledge any wrongdoing whatsoever. Respondent's mitigation evidence (i.e., his military service, his son's illness, and his charitable fundraising) is not sufficient to warrant a lesser sanction than disbarment. Finally, given respondent's total lack of remorse and failure to acknowledge his misconduct, his request that we refer this matter back to the Committee for a reinstatement proceeding is rejected. Respondent must formally apply for re-

instatement pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.14.

Accordingly, respondent's motion is granted only to the extent that the disbarment recommended by the Hearing Panel is made effective nunc pro tunc to October 19, 2006. The Committee's cross motion is granted in its entirety, the Hearing Panel's findings of fact and conclusions of law confirmed, respondent is disbarred from the practice of law, and his name stricken from the roll of attorneys and counselors-at-law in the of State of New York, effective October 19, 2006.

MAZZARELLI, J.P., FRIEDMAN, SWEENY, ANDRIAS and SAXE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 19, 2006.