[30 NYS3d 545]

In the Matter of CRAIG F. WILSON, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 17, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Craig F. Wilson*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Craig F. Wilson was admitted to the practice of law in the State of New York by the First Judicial Department on October 31, 1988. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.

By previous order, we granted the motion of the Departmental Disciplinary Committee (Committee) for an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law based upon respondent's failure to fully cooperate with the Committee's investigation of allegations of professional misconduct and other uncontested evidence of misconduct, namely, intentional conversion and/or misappropriation of client funds (totaling $22,795.85), which immediately threatened the public interest (122 AD3d 1 [1st Dept 2014]).

The Committee now seeks an order striking respondent's name from the roll of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (b).

On June 16, 2015, respondent pleaded guilty to grand larceny in the fourth degree in violation of Penal Law § 155.30 (1), a class E felony, based on his theft of client escrow funds.

Respondent's conviction of the class E felony of grand larceny in the fourth degree constitutes grounds for his automatic disbarment pursuant to section 90 (4) (a) of the Judiciary Law and his name should be stricken from the roll of attorneys pursuant to section 90 (4) (b) (*see Matter of Block*, 105 AD3d 70 [1st Dept 2013]; *Matter of Cherry*, 51 AD3d 119 [1st Dept 2008]). For purposes of automatic disbarment, conviction occurs at the time of the plea or verdict; therefore, the fact that respondent has not yet been sentenced does not preclude his name from being stricken from the rolls (*see Matter of Sheinbaum*, 47 AD3d 49 [1st Dept 2007]).

Accordingly, the Committee's petition pursuant to Judiciary Law § 90 (4) (b) should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to June 16, 2015.

MAZZARELLI, J.P., SAXE, MOSKOWITZ, MANZANET-DANIELS and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 16, 2015.