[44 NYS3d 382]

In the Matter of Eric A. Klein (Admitted as Eric Alan Klein), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 29, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Yvette A. Rosario* of counsel), for petitioner.

*Eric A. Klein*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Eric A. Klein was admitted to the practice of law in the State of New York by the Second Judicial Department on March 7, 1984, under the name Eric Alan Klein. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On July 8, 2005, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of New York, of the federal felonies of conspiracy to commit wire fraud (18 USC §§ 371, 1343) and wire fraud (18 USC § 1343) (two counts). The charges arose out of a scheme devised by respondent and a codefendant, in which they fraudulently obtained hundreds of thousands of dollars in advance fees from individuals and businesses, by promising to assist them in obtaining funding for business projects when in fact they never intended to provide, and never did provide, such assistance.

On October 26, 2005, respondent was sentenced to 51 months' imprisonment, three years' supervised release, and a money judgment of $819,779 was entered against him. Respondent partially satisfied this judgment on the day of sentencing, providing the government with a check in the amount of $625,000. Respondent later paid the restitution in full and the court terminated his supervised release early. By decision dated October 15, 2008, the United States Court of Appeals for the Second Circuit affirmed respondent's conviction and sentence (297 Fed Appx 19 [2d Cir 2008], *cert denied* 556 US 1263 [2009]).

By order entered March 7, 2006, upon motion of the Departmental Disciplinary Committee, this Court deemed each of the offenses respondent was convicted of to be "serious crimes," immediately suspended him from the practice of law, and directed him to appear before a referee within 45 days from the date of

his release from incarceration, whereupon the referee was to hold a hearing and issue a report and recommendation why a final order of censure, suspension or disbarment should not be made (28 AD3d 102 [1st Dept 2006]).

Respondent was released from prison in 2009, but he did not contact the Committee until September 2015 in connection with an intended application for reinstatement. By order entered December 30, 2015, upon motion by respondent, this Court modified its prior order and directed that the sanction hearing be held before a hearing panel, as opposed to a referee, within 90 days (2015 NY Slip Op 95331[U] [2015]).

On March 14, 2016, a sanction hearing was held before a Hearing Panel. At the outset of the hearing, in response to questioning by the panel, the Committee addressed the reason for the delay in commencement of the sanction hearing. Staff Counsel explained that notwithstanding this Court's March 7, 2006 "serious crime" order, after his release from prison in 2009, respondent failed to contact the Committee to schedule a sanction hearing, as directed. In September 2015, respondent wrote to the Committee and requested information regarding his intended application for reinstatement. In response, the Committee advised respondent that a sanction hearing first had to be held, and suggested that he move this Court for an order directing that such hearing be held before a hearing panel, as opposed to a referee, so as to expedite matters, which respondent did. Respondent stated that despite the explicit language of our March 7, 2006 order, he mistakenly believed that he had been disbarred as a result of his federal convictions.

Respondent testified on his own behalf and called two character witnesses. He was admitted to practice in 1984. From 1984 until 1985 he worked for the United States Court of Appeals for the Second Circuit; from 1985 until 1990 he worked for various law firms and a leasing company; and from approximately 1991 until his conviction in 2005 he worked as a sole practitioner.

Although respondent acknowledged his actions harmed innocent people and he expressed remorse, he primarily blamed his codefendant for misrepresenting his intentions, and stressed that he already paid restitution. Further, while he conceded he was "found guilty" of the wire fraud charges, he averred that he did not intentionally commit the crimes of which he was convicted and claimed his actions were the result

of having been duped and repeatedly lied to by his codefendant. He also noted that he was still "fighting the case" and that "there are problems."

Respondent testified that since his release from prison, he has been self-employed, along with his wife, as an advocate before the New York City Parking Violations Bureau (PVB). He appears on behalf of companies and individuals whose vehicles have been cited for parking violations and receives a fee if the ticket is dismissed or the fine reduced. Respondent stated that the PVB's rules do not require representatives such as himself to be licensed attorneys. In addition, respondent spends a significant amount of time caring for his two children, one of whom is autistic and the other has a learning disability.

The Committee argued that respondent should be disbarred nunc pro tunc to the date of his interim suspension, and respondent argued that disbarment would serve no purpose in light of the length of his interim suspension. Respondent also asserted his actions were mitigated by the passage of time, his full payment of the restitution, and his productive self-employment and lawful behavior since his release from prison.

The Hearing Panel found that "[d]uring the hearing, respondent expressed remorse, but at times . . . it was unclear whether he accepts guilt for the crimes of which he was convicted." As to sanction, the panel concluded:

> "[i]t is the Panel's view that disbarment is the only appropriate sanction in light of the seriousness of the charges for which respondent was convicted and because there has not been sufficient evidence of mitigation to overcome the aggravating circumstance of respondent's convictions. The Panel further notes that although respondent could have been disbarred 10 years ago, that has not happened. The Panel therefore recommends that this sanction be imposed at this time, but recommends that respondent be disbarred nunc pro tunc from the prior Order of the Court, entered March 7, 2006, so as not to prejudice his right (should he choose) to apply for reinstatement upon an appropriate application and evidentiary showing. Accordingly, the Panel . . . adopts the Committee's recommendation."

The Committee now moves, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d)

and 605.15 (e) (2), for an order confirming the Hearing Panel's report in full, including its sanction recommendation that respondent be disbarred nunc pro tunc to the date of his interim suspension. Respondent cross-moves for an order directing the Committee to provide him with a list of the complaints filed against him since the effective date of his interim suspension so that he can complete his application for reinstatement; remanding the matter to the Committee for consideration of said application; directing the Committee to accept his August 15, 2015 passing MPRE score; and awarding him costs for his prior motion to refer this matter to a hearing panel and the instant cross motion.

Since this is a "serious crime" proceeding, the only issue for this Court to decide is the appropriate sanction to impose based upon the offense committed and any mitigating or aggravating circumstances. The circumstances surrounding respondent's wire fraud convictions warrant disbarment (*see e.g. Matter of Fasciana*, 132 AD3d 144 [1st Dept 2015] [disbarred nunc pro tunc to date of interim suspension based on federal convictions for, inter alia, conspiracy to commit wire fraud and wire fraud]; *Matter of Balis*, 70 AD3d 76 [1st Dept 2009] [disbarment nunc pro tunc to date of interim suspension for conviction of, inter alia, wire fraud; aggravation included complete failure to take responsibility for misconduct]). The seriousness of respondent's criminal conduct is underscored by, inter alia, the fact that he actively helped his codefendant to defraud his business clients and was ordered to pay over $800,000 in restitution. Furthermore, while respondent acknowledged his conviction, his admission of guilt before the panel was equivocal. Respondent's mitigation evidence is not sufficient to warrant a lesser sanction than disbarment.

As for respondent's cross motion, there is no evidence that the Committee misled respondent as to the purpose of the hearing panel proceeding. He was advised that a sanction hearing had to be held in accordance with this Court's prior order before he could apply for reinstatement. Further, respondent's request that this matter be remanded to the Committee for consideration of his intended application for reinstatement is premature given that there has been no final sanction order. In any event, while this Court could impose a final sanction and also direct that respondent be immediately reinstated (*see e.g. Matter of Silberman*, 83 AD3d 95 [1st Dept 2011]), due to the seriousness of respondent's misconduct, his current fitness to resume the

practice of law should be more closely examined in the context of a separate reinstatement proceeding in which he will have the burden of proof (*see* 22 NYCRR 1240.16).

Regarding respondent's request that this Court compel the Committee to provide him with a list of complaints filed against him since the effective date of his interim suspension which he needs to complete his reinstatement application, respondent thereafter can directly petition the Committee for the list of complaints.

Accordingly, the Committee's motion is granted, respondent's cross motion denied in its entirety, the Hearing Panel's findings of fact and conclusions of law confirmed, respondent is disbarred from the practice of law, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 7, 2006.

TOM, J.P., FRIEDMAN, SWEENY, SAXE and KAPNICK, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 7, 2006 (2016 NY Slip Op 96148[U] [2016]. Cross motion to compel the Committee to provide a complete list of grievance complaints and other relief denied M-4193).