Matter of Trubitsky (2020 NY Slip Op 02121)





Matter of Trubitsky


2020 NY Slip Op 02121


Decided on March 26, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Barbara R. Kapnick, Justice Presiding,
Cynthia S. Kern
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


M-7885

[*1]In the Matter of Marina Trubitsky, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marina Trubitsky, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marina Trubitsky, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 23, 1999.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Lance E. Philadelphia, Kelly A. Latham, of counsel), for petitioner.
Richard E. Mischel, Esq., for respondent.



PER CURIAM


Respondent Marina Trubitsky was admitted to the practice of law in the State of New York by the Second Judicial Department on June 23, 1999. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3), immediately suspending respondent from the practice of law until further order of this Court based on her alleged failure to cooperate [*2]with the Committee's investigation. Respondent opposes.
Respondent is currently the subject of more than 20 complaints alleging, inter alia, fraud, escrow violations, and misrepresentations to a court in connection with a fee dispute. The AGC has been attempting to take her deposition since 2017 which has been repeatedly adjourned at respondent's request for various reasons which include five changes of counsel and alleged medical issues.
Between October 2018 and February 2019, the parties discussed the rescheduling of respondent's deposition. By February 22, 2019 email, however, respondent's current counsel (her fifth attorney) notified the AGC of his representation and the Committee agreed to adjourn her deposition until March 2019 to allow counsel time to review documents and familiarize himself with the matters under investigation.
Between March and April 2019, the deposition was twice more adjourned to give respondent's current counsel additional time to prepare and to accommodate his schedule. By May 3, 2019 letter, the AGC advised counsel that it would not tolerate further delay, directed respondent to appear for her deposition on May 30, 2019, and cautioned her that if she failed to appear as directed, the Committee would seek her interim suspension.
The Committee agreed to adjourn respondent's deposition three more times to accommodate counsel's schedule and respondent's scheduled medical procedures but reminded her counsel that it would seek respondent's interim suspension if she failed to appear on July 11, 2019. On July 10, 2019 counsel informed the AGC that he had just learned that respondent had traveled to Russia for medical treatment and he did not know when she would return. By letter of the same date, the AGC advised him that it would seek respondent's interim suspension based on her alleged failure to cooperate with the Committee. To date, respondent has not appeared for a deposition as directed by judicial subpoena, nor has she informed the Committee of her whereabouts.
The AGC argues that respondent, who, as noted, is the subject of over 20 complaints, has engaged in "repeated dilatory tactics" to avoid appearing for a deposition (which includes repeated changes of counsel and proffered medical excuses all the while maintaining that she is fit to practice law) and, thus, her "repeated conduct raises the inevitable inference that her failure to cooperate has been willful" for which her interim suspension is warranted (Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9[a][3]).
Respondent's counsel opposes and asserts that he has had no direct contact with respondent since July 2019 when she left for Russia to undergo medical treatment without prior notice to him; he offered to provide the AGC with medical documentation, if able to obtain such, but none was requested; between July and October 2019, he had several conversations with the assigned AGC staff counsel regarding other matters but nothing was said about the rescheduling of respondent's deposition, medical documentation, or the Committee's moving for her suspension; and upon receiving the AGC's motion, he attempted to contact respondent without success by leaving her voice mail messages.
While counsel has had no direct contact with respondent since July 2019, he received by email translated medical records which stated that respondent was hospitalized in Russia from July 10 to August 1, 2019, underwent surgery on July 15, 2019 and upon discharge it was recommended that she be excused from work and physical activity for at least six to eight months and rest at home.
Counsel asserts that he has not been able to contact respondent since her surgery to discuss the AGC's motion, a response thereto, or the rescheduling of her deposition; and since this matter was reassigned to another AGC staff counsel in November 2019 there has been no discussion about rescheduling respondent's deposition. Counsel maintains that without respondent's assistance in preparing a response to the AGC's motion, his efforts to defend her are limited to the submission of the medical documentation discussed above, which he argues evidences that respondent's failure to appear for a deposition in July was not deliberate or willful as there was a valid medical reason for her non-appearance. Further, he asserts that he offered to [*3]provide the previously discussed medical documents to the AGC but no request for them was made.
Counsel requests that the AGC's motion be denied and respondent's deposition be rescheduled upon her return to work, or, in the alternative, that the motion be held in abeyance to enable him to contact respondent and prepare a more comprehensive response.
In reply, the AGC maintains that respondent's conduct to date warrants her interim suspension because: the Committee has unsuccessfully sought to depose her since August 2017; the deposition has been adjourned 13 times at respondent's request each time at essentially the "eleventh hour"; there are presently more than 20 complaints against her; she provided no advance notice to the Committee or her counsel of her most recent need for medical treatment and her intent to travel abroad for such; she has not provided an anticipated return date, nor contacted the AGC or her counsel to reschedule her deposition; the "sparse medical documentation" provided by her counsel does not indicate that respondent lacks the ability to communicate; and at minimum she should have contacted her counsel to update him on her health and availability for a deposition.
We find that the Committee has met its burden in that respondent's conduct since 2017, namely, five changes of counsel, repeated last minute excuses made on the eve of scheduled deposition dates, her failure to give advance notice of her intent to go abroad for medical treatment, as well as her continuing failure to contact her counsel and/or the AGC regarding an expected return date and availability for a deposition, evidences a willful refusal to appear before the AGC for a deposition as directed by a judicial subpoena and, thus, her interim suspension is warranted (see e.g. Matter of Goldsmith, 159 AD3d 188 [1st Dept 2018]; Matter of Morgado, 159 AD3d 50 [1st Dept 2018]; Matter of Jones, 110 AD3d 126 [1st Dept 2013]; Matter of Rennie, 260 AD2d 132 [1st Dept 1999]).
Respondent's continued assertion of medical issues as a bar to her being deposed by the Committee, all the while maintaining that she remains fit to practice law, is an incongruous position. Furthermore, there is no reason to give respondent one more opportunity where she has not bothered to respond to counsel's attempts to contact her regarding this interim suspension motion.
Accordingly, the Committee's motion to suspend respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(3), should be granted effective immediately, and until further order of this Court.
All concur.
Order filed. [March 26, 2020]
The Committee's motion to suspend respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(3), is granted and respondent is suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.