Matter of Sterling (2022 NY Slip Op 03179)

Matter of Sterling

2022 NY Slip Op 03179

Decided on May 12, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 12, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
David Friedman
Peter H. Moulton
Saliann Scarpulla
Bahaati E. Pitt, JJ.

Motion No. 2022-00900 Case No. 2022-00882 

[*1]In the Matter of Jeffrey A. Sterling, (admitted as Jeffrey Alexander Sterling), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jeffrey A. Sterling, (OCA Atty. Reg. No. 3898137) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Jeffrey Alexander Sterling, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 16, 2000.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, Esq., of counsel), for petitioner.
J. Richard Supple, Jr., Esq., for respondent.

Per Curiam 

Respondent Jeffrey A. Sterling was admitted to the practice of law in the State of New York by the First Judicial Department on October 16, 2000, under the name Jeffrey Alexander Sterling. His admission to practice before the First Department provides this Court with jurisdiction over him (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On January 26, 2015, respondent was convicted after a jury trial, in the United States District Court for the Eastern District of Virginia, of multiple federal felonies: unauthorized conveyance of government property in violation of 18 USC § 641; unauthorized disclosure of national defense information in violation of 18 USC § 793(d) and (e); unlawful retention of national defense information in violation of 18 USC § 793(e); and obstruction of justice in violation of 18 USC § 1512(c)(1). He was sentenced to 42 months imprisonment, supervised release for two years and ordered to pay a special assessment of $900.
Respondent's conviction stemmed from his employment at the CIA where he was assigned to a classified project designed to undermine Iran's nuclear program. Among other things, respondent shared classified information about the Iranian nuclear program with a reporter, which was published in a book.
The Attorney Grievance Committee (Committee) moves to strike respondent's name from the roll of attorneys pursuant to Judiciary Law §§ 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1) on the ground that he was convicted of a federal felony which would constitute a felony if convicted under New York law, as defined by Judiciary Law § 90(4)(e), and therefore respondent has been automatically disbarred.
Respondent submitted an affidavit and memorandum of law in which he concedes that his disbarment is required on account of his federal conviction.
Under § 90(4)(a) of Judiciary Law, "[a]ny person being an attorney... who shall be convicted of a felony as defined in [Judiciary Law § 90(4)(e)], shall upon such conviction, cease to be an attorney." As pertinent here, felony offenses that merit automatic disbarment under this section include, "any criminal offense committed in any... district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law Section § 90[4][e]). Further, the federal felony need not be a "mirror image" of the New York felony but it must possess "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]).
Here, the Committee asserts that respondent's conviction for obstruction of justice in violation of 18 USC § 1512(c)(1) is "essentially similar" to the New York felony of tampering with physical evidence, Penal Law § 215.40(2). A person is guilty of obstruction of justice, pursuant to 18 USC § 1512(c)(1), if the person "corruptly" alters, destroys, mutilates or [*2]conceals "a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." In comparison, under New York Penal Law § 215.40(2), a person is guilty of tampering with physical evidence when "[b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person."
In Matter of Coren (76 AD3d 285, 287 [1st Dept 2010]), this Court found that "[r]espondent's conviction for obstruction of justice in violation of 18 USC § 1512(c) is a proper predicate for disbarment because there is 'essential similarity' between that federal statute and the New York felony of tampering with physical evidence (Penal Law § 215.40[2])" see also Matter of Kluger, 102 AD3d 168 [1st Dept 2013]). Thus, as in our prior cases, the two statutes at issue here are essentially similar and respondent should be automatically disbarred.
The Committee further contends that respondent did not report his January 26, 2015 conviction until December 13, 2021 and therefore moves to make respondent's disbarment effective as of the date of the Committee's motion. Respondent urges that the disbarment be made nunc pro tunc to the date of his conviction.
First, we note that respondent committed professional misconduct by failing to timely report his conviction to either the Court or the Committee as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a). Although this failure to timely report his conviction may be germane to any future application for reinstatement (see 22 NYCRR 1240.16[a]), it does not affect respondent's disbarment date. Indeed, the statutory language of Judiciary Law § 90(4)(a) clearly states that disbarment occurs upon conviction, and the convicted person ceases to be an attorney at that time (see Matter of Barash, 20 NY2d 154, 157 [1967] [finding that the "law is settled that upon a conviction for felony a lawyer is ipso facto disbarred"]).
Accordingly, the Committee's motion should be granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 26, 2015, the date of his conviction.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to strike the name of the respondent, Jeffrey Sterling, admitted as Jeffrey Alexander Sterling, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), the respondent, Jeffrey Sterling, admitted as Jeffrey Alexander Sterling, is disbarred, effective January 26, 2015, and his name is stricken from the roll of attorneys [*3]and counselors-at-law; and,
IT IS FURTHER ORDERED that the respondent, Jeffrey Sterling, admitted as Jeffrey Alexander Sterling, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Jeffrey Sterling, admitted as Jeffrey Alexander Sterling, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Jeffrey Sterling, admitted as Jeffrey Alexander Sterling, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: May 12, 2022