Matter of Trubitsky (2025 NY Slip Op 02649)

Matter of Trubitsky

2025 NY Slip Op 02649

Decided on May 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Cynthia S. Kern Justice Presiding
Peter H. Moulton Barbara R. Kapnick Kelly O'Neill Levy Marsha D. Michael
Justices.

Motion No. 2024-06195|Case No. 2018-00253|

[*1]In the Matter of Marina Trubitsky A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marina Trubitsky (OCA Atty Reg. 2976470), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marina Trubitsky, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 23, 1999.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, of counsel), for petitioner.
Richard E. Grayson, Esq., for respondent.

 In the Matter of Marina Trubitsky, a suspended attorney
 Per Curiam
Respondent Marina Trubitsky was admitted to the practice of law in the State ofNew York by the Second Judicial Department on June 23, 1999.[FN1] 
 At all times relevant to this proceeding, respondent maintained a registered address in the First Judicial Department.
By order entered March 26, 2020, this Court immediately suspended respondentfrom the practice of law, until further order of the Court, based on her failure tocooperate with the Attorney Grievance Committee's (AGC) investigation of over20 complaints as evidenced by, inter alia, her dilatory conduct to avoid appearing for a deposition as directed by judicial subpoena (183 AD3d 146 [1st Dept 2020]). To date, respondent has not been reinstated and she remains suspended.
On September 18, 2024, respondent was convicted, upon her plea of guilty, inSupreme Court, New York County, of grand larceny in the second degree in violation ofNew York Penal Law § 155.40(1), a class C felony. Respondent's conviction was based on her 2016 theft of over $80,000 from Necessity Funding Partners, LLC. The same day as her guilty plea respondent was sentenced to a conditional discharge (three years) and directed to pay $43,250 in restitution by confession of judgment.[FN2]
Now, by motion dated December 16, 2024, the AGC moves for an order,pursuant to Judiciary Law § 90(4)(a) and (b) and (22 NYCRR) 1240.12(c)(1), striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York on the ground that she has been convicted of a felony as defined by Judiciary Law § 90(4)(e), namely, her September 18, 2024, conviction for grand larceny in the second degree, and, thus, was automatically disbarred by operation of law as of the date thereof.
Respondent does not contest the fact that she was automatically disbarred as a result of her felony conviction, but requests that her disbarment be made nunc pro tunc to March 26, 2020, the date of her interim suspension.
As discussed below, it is recommended that respondent's request be denied andrespondent be deemed automatically disbarred as of the date of her conviction.
The AGC maintains that respondent has been automatically disbarred as aresult of her New York felony conviction (see e.g. Matter of Hanlon, 180 AD3d 51 [1stDept 2019]; Matter of Brosius, 138 AD3d 216 [1st Dept 2016]; Matter of Block,105 AD3d 70 [1st Dept 2013]; Matter of Armenakis, 86 AD3d 205 [1st Dept [*2]2011]).
Additionally, the AGC maintains that respondent's request that her disbarment be made retroactive to the date of her March 26, 2020 interim suspension "is not legally permissible" because this Court has repeatedly made clear that under Judiciary Law § 90(4)(a) respondent's disbarment commenced as of September 18, 2024, the date of her conviction (see Matter of Carlebach, 163 AD3d 192 [1st Dept 2018]; Matter of Wilson, 141 AD3d 11 [1st Dept 2016]; Matter of Bernstein, 78 AD3d 94 [1st Dept 2010]; Matter of Cherry, 51 AD3d 119 [1st Dept 2008]).[FN3]
By January 3, 2025 counsel's affirmation, respondent does not dispute that shehas been automatically disbarred as a result of her felony conviction, and requests that her disbarment be made retroactive to the date of her March 26, 2020, interim suspension.
In support of her request for disbarment retroactive to the date of her interimsuspension (which predates her conviction by approximately four years), respondent cites cases where the conviction at issue was not a basis for automatic disbarment (i.e.,"serious crime" cases), as well as cases in which there was no underlying conviction (Matter of Etheridge, 231 AD3d 125 [1st Dept 2024]; Matter of Donziger, 186 AD3d 27 [1st Dept 2020], lv denied 36 NY3d 913 [2021]; Matter of Klein, 147 AD3d 73 [1st Dept 2016]; Matter of Fasciana, 132 AD3d 144 [1st Dept 2015]).
The AGC maintains that respondent relies on inapposite case law and that the law is clear that automatic disbarment under Judiciary Law § 90(4)(a), (b), and (e) is self-executing and occurs at the time of conviction (Matter of Rahman, 211 AD3d 61, 63 [1st Dept 2022]).
We find that respondent should be deemed disbarred by operation of law as of the date of her conviction, not the date of her earlier interim suspension. While there have been several cases where the Court has made the automatic disbarment date prospective to the date of the AGC's motion to strike, those cases involved respondents who failed to report their convictions for several years and thereby prevented the AGC from expeditiously moving to strike their names from the roll of attorneys (Matter of Merker, 140 AD3d 1 [1st Dept 2016]; Matter of Olewuenyi, 139 AD3d 25 [1st Dept 2016]; Matter of Zichettello, 12 AD3d 128 [1st Dept 2004]). More recently, however, this Court decided three matters involving attorneys who failed to timely report their felony convictions, thereby delaying the AGC's motion to strike. This Court made clear that regardless of such delay, automatic disbarment occurs at the time of conviction (Matter of Reich, 206 AD3d 22 [1st Dept 2022]; Matter of Sterling, 205 AD3d 201 [1st Dept 2022]; Matter of Ahern, 205 AD3d 196 [1st Dept 2022]).[FN4] Here, respondent timely reported her conviction to the AGC. Nevertheless, these three cases are instructive as they demonstrate that respondent's request that her disbarment be made retroactive to the date of her interim suspension is misplaced in this particular situation[*3].
Accordingly, the AGC's motion should be granted, and respondent should be disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 18, 2024 (date of conviction).
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to 22 NYCRR 1240.12(c)(1), disbarring respondent Marina Trubitsky is granted, and respondent is disbarred and her name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to September 18, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Marina Trubitsky, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Marina Trubitsky, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Marina Trubitsky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: May 1, 2025

Footnotes

Footnote 1: Respondent is represented by Richard E. Grayson, Esq.

Footnote 2: Respondent paid $43,250 in partial restitution prior to her guilty plea.

Footnote 3: Judiciary Law § 90(4)(a) provides that "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law assuch" (emphasis added).

Footnote 4: In all three cases, the Court opined that the respondents' failure to report their convictions as required was itself professional misconduct, which may be germane to any future application for reinstatement, but it was not a basis to alter the effective date of their automatic disbarment, the date of conviction.